Grover, J.
The question arising upon this appeal is, whether assessments made to pay the compensation awarded for lands taken to open and widen streets, etc., in the city of Hew York, and to defray the expenses of the proceedings, pursuant to the provisions of section 178 of Revised Laws of 1813 (2 R. L. 1813, 409), as amended by chapter 483, page 966, Laws of 1862, can be vacated by proceedings under chapter 338, page 574, Laws of 1858. An examination of the proceedings authorized by the latter statute and comparing them with the proceedings authorized and required by the former shows, I think, that the latter have no application whatever to an assessment made under the former. Those are made by commissioners appointed by the Supreme Court in the manner specified by the act, and possess no validity until confirmed by the court; careful provision being made for a full hearing of all the parties interested, and power being given, in case the court shall be of opinion that entire justice has not been done, to send the report back for modification and correction, either to the same or other commissioners, as the court may determine, as often as may be necessary to do complete justice; and the statute provides that when the report is confirmed it shall be final and conclusive. *28 The proceedings are made subject to review by the General Term. (See In Matter of extending Canal and widening Walker street, 2 Kern., 406.) It will be seen that by confirmation by the court it becomes the judgment of the court, conclusive in its character. Section 1 of the act of 1858 provides, that, if in the proceedings relative to any assessment, etc., for local improvement in the city of New York, etc., any fraud or legal irregularity shall be alleged to have been committed, the party aggrieved thereby may apply to a judge of the Supreme Court, in Special Term or in vacation, who shall thereupon, upon due notice to the counsel of the corporation, etc., proceed forthwith to hear the proofs and allegations of the parties. It is scarcely to be supposed that it was intended by this section to authorize in this summary way, by a judge of the Supreme Court or the Special Term, a rehearing of what had already been fully heard and determined by the court; and if any party desired it reheard and determined by the General Term. Such a rehearing would be unprecedented, and a construction should not be adopted authorizing it unless required by language that will admit of no other. Section 5 of the act shows that it was not intended to include assessments made to pay for lands, etc., taken for public use in opening, widening streets, etc. That section provides for a reassessment in case the previous one is vacated under the statute. But the idea that when a single assessment is vacated application is to be made to the court for the appointment of new commissioners, who would necessarily have to rehear the entire case and have their report confirmed, is absurd. It is clear that the act of 1858 only intended to give the benefit of a judicial investigation as to fraud or legal irregularity of assessments made for local improvements in cases where no such investigation had already been had or might have been had in the amplest manner had the parties desired.
It follows that the order refusing to hear the proofs of the petitioner and dismissing his petition was correct, and *29 the order of the General Term affirming the same must be affirmed, with costs.
All concur.
Order affirmed.